UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIHE KIGASARI,<br><br>   Plaintiff,<br><br>   v.<br><br>CHARLOTTE A BURROWS,<br><br>   Defendant. | Case No. 20-cv-01521-JST   (SK)<br><br>**ORDER REGARDING JOINT LETTER BRIEF**<br><br>Regarding Docket No. 73 |

On January 25, 2022, the parties filed a joint discovery letter brief to address their pending discovery dispute. Defendant seeks documents responsive to Requests for Production Nos. 41, 45, and 46. For the reasons set forth below, the Court GRANTS Defendant's motion to compel and ORDERS Plaintiff to produce responsive documents by February 11, 2022.

In this action, Plaintiff Malihe Kigasari alleges that Defendant discriminated against her on the basis of sex, gender, gender non-conformity, sex stereotyping, sexual orientation, national origin, race, and age, in violation of 42 U.S.C. § 2000e *et seq*. and 29 U.S.C. §621 *et seq*. and that Defendant also retaliated against her in violation of 42 U.S.C. § 2000e *et seq*. and 29 U.S.C. § 623(d) *et seq*. (Dkt. No. 33.) Plaintiff alleges that her employment with the Equal Employment Opportunity Commission ("EEOC") ended as a result of "constructive early retirement." (*Id*.)

The Document Requests at issue address the issue of Plaintiff's employment with two other entities – San Francisco State University and the University of California – Berkeley – after her employment with the EEOC ended. The Document Requests are the following:

> REQUEST FOR PRODUCTION NO. 41: All DOCUMENTS CONCERNING any termination of your employment at San Francisco State University from January 2019 to the present.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 41: Plaintiff objects to this request on the basis that it is overbroad, vague and

ambiguous, and seeks documents not calculated to lead to admissible evidence. Without waiving said objection, Plaintiff was not terminated from SFSU and thus there are no responsive documents.

REQUEST FOR PRODUCTION NO. 45: All DOCUMENTS CONCERNING any termination of your employment at the University of California, Berkeley from May 2019 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45: Plaintiff objects to this request on the basis that it is overbroad and vague and ambiguous; infringes on her right to privacy; and seeks documents not calculated to lead to admissible evidence. Without waiving said objections, Plaintiff was not terminated from UC Berkeley and thus there are no responsive documents.

REQUEST FOR PRODUCTION NO. 46: All DOCUMENTS CONCERNING any termination of your relationship with the University of California, Berkeley from May 2019 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46: Plaintiff objects to this request on the basis that it is overbroad, vague and ambiguous, and duplicative of other requests. It also seeks documents not calculated to lead to admissible evidence. Without waiving said objections, Plaintiff was not terminated from UC and thus there are no responsive documents.

(Dkt. No. 74-2.)

Plaintiff objects to producing the documents on the grounds that, because she left San Francisco State University and the University of California – Berkeley and because the two entities did not terminate her employment, there are no responsive documents. Her objection is based on a strained interpretation of the word "termination." She interprets the term "termination" to mean "involuntary termination" or "termination by the employer." However, the Document Requests at issue should not be read this narrowly.

Plaintiff then argues that the requests violate the right to privacy. Plaintiff did not object on the basis of privacy in her responses, listed above, and thus, has waived that objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted).

Finally, Plaintiff argues that the documents constitute inadmissible character evidence

2

under Federal Rule of Evidence 404(a)(1). The question in evaluating discovery requests is not whether the evidence is ultimately admissible, as Federal Rule of Civil Procedure 26 provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Defendant claims that the evidence is relevant to mitigation of damages, since Plaintiff allegedly resigned from two jobs after her employment with the EEOC ended. Defendant also claims that this information may show a pattern and practice of behavior by the Plaintiff in her jobs, which is potentially admissible under Federal Rule of Civil Procedure 404(b). The parties may argue before the presiding judge before trial whether any of the evidence produced is admissible for trial, but at this stage, the Court finds that the information is relevant to the case.

**IT IS SO ORDERED**.

Dated: January 28, 2022

_____
SALLIE KIM
United States Magistrate Judge